IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KAY LYNN GILBERT                                                                                      PLAINTIFF

V.                              CASE NO. 4:19-CV-880-KGB-BD

ANDREW SAUL, Commissioner
Social Security Administration                                                                        DEFENDANT

**RECOMMENDED DISPOSITION**

This Recommendation has been sent to Judge Kristine G. Baker. Either party may file written objections if they disagree with the facts or conclusions set out in the Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

I.   **Introduction:**

On December 5, 2012, Kay Lynn Gilbert applied for disability benefits, alleging disability beginning December 5, 2012. (Tr. at 16) Her claims were denied both initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) denied Ms. Gilbert's application. (Tr. at 22) After the Appeals Council denied her request for review, Ms. Gilbert filed a complaint in the district court. (Tr. at 523-528) On

April 15, 2016, the district court remanded the case and specifically directed the ALJ to order a pulmonary function test with an RFC assessment. (Tr. at 527).

A pulmonary function test was performed on October 20, 2018, but it did not include an RFC assessment. (Tr. at 684-688). On July 25, 2019, the ALJ conducted a hearing and on August 15, 2019, he denied Ms. Gilbert's application for benefits. (Tr. at 458-459). She requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1). Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Gilbert filed this case seeking judicial review of the decision denying her benefits.

For the reasons stated below, the Commissioner's decision should be reversed and remanded once again for further consideration.

## II.  The Commissioner's Decision:

The ALJ found that Ms. Gilbert was insured through December 31, 2020. (Tr. at 452). By separate order, she was found to be disabled beginning July 8, 2017. *Id*. The ALJ found that Ms. Gilbert had engaged in substantial gainful activity from August 2015 through July 2017, but that there was a continuous 12-month period during which she did not engage in substantial gainful activity. *Id*. The ALJ's findings address the period that Ms. Gilbert did not engage in substantial gainful activity. *Id*.

The ALJ determined that Ms. Gilbert had the following severe impairments: multiple sclerosis, chronic obstructive pulmonary disease, and fracture of the back. (Tr. at 453). After finding that Ms. Gilbert's impairments did not meet or equal a listed

impairment (Tr. at 453), the ALJ determined that Ms. Gilbert RFC to perform work at the light exertional level, with additional limitations: she could only frequently climb, balance, crawl, kneel, stoop, and crouch, and would have to avoid moderate exposure to pulmonary irritants such as dust, odors, and gases. *Id*.

The ALJ found that Ms. Gilbert was unable to perform any of her past relevant work. (Tr. at 457). Relying upon the testimony of a Vocational Expert (VE), the ALJ found, based on Ms. Gilbert's age, education, work experience and RFC, that jobs existed in significant numbers in the national economy that she could perform, including work as cashier-checker.[1] (Tr. at 458). Thus, the ALJ determined that Ms. Gilbert was not disabled. *Id*.

### III. Discussion:

A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is

---

[1] Ms. Gilbert's past relevant work included a job as a cashier-checker, but it was performed at the heavy level; thus, the ALJ determined that she could not return to that work. (Tr. at 457-458, 490-493). The RFC assigned by the ALJ was for light work. *Id*.

3

evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Ms. Gilbert's Arguments on Appeal

Ms. Gilbert maintains that the Commissioner's decision is not supported by substantial evidence on the record as a whole. Specifically, Ms. Gilbert argues that the ALJ: (1) failed to fully develop the record (failed to comply with the district court's order); (2) failed to properly analyze her subjective complaints; (3) failed to give proper weight to physicians' opinions; and (4) posed a hypothetical to the VE that did not incorporate all of her limitations. Because the ALJ failed to comply with the directions set out in the remand order, reversal is warranted.

The relevant medical evidence shows that Ms. Gilbert was hospitalized on numerous occasions for acute bronchitis and COPD, with emphysema and exacerbation of asthma.[2] (Tr. at 257-277, 316-338, 427-446). She was treated with steroids, IV antibiotics, a nebulizer, and oxygen. (Tr. at 258, 328-330, 455, 481-483). She was treated at home with an inhaler. (Tr. at 480). She was diagnosed with disorder of the lung on May 10, 2017. (Tr. at 707-709).

The state agency reviewing physicians opined, in early 2013, at the beginning of the relevant time-period, that Ms. Gilbert would need to avoid even moderate exposure to

---

[2] *See Noerper v. Saul*, 2020 U.S. Dist. LEXIS 21137 ("Although our discussion is targeted, we have considered her arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

pulmonary irritants. (Tr. at 64-75). In April 2016, the district court instructed the ALJ to order a pulmonary function test *with an RFC assessment*. (Tr. at 527); *Gilbert v. Colvin*, CASE NO: 2: 15-CV-2078 PKH-MEF (W.D. Ark. April 15, 2016). Although the test was done, the test report in the record includes no narrative and no RFC assessment. (Tr. at 684-688). The ALJ did not seek to obtain further evidence relevant to Ms. Gilbert's RFC and instead relied on remote-in-time reviewing doctors' opinions. Those opinions were issued six years before the date of the ALJ's decision and three years before the district court's remand order. The pulmonary function report did not contain an RFC assessment, and no RFC later than 2013 was in evidence with respect to pulmonary function. The ALJ did not obtain an updated RFC and, thus, failed to comply with the specific direction in the remand order.

## IV. Conclusion:

The decision to deny benefits is not supported by substantial evidence because the ALJ did not comply with the district court's remand order; thus, the ALJ failed to properly develop the record. The case should be remanded so that the ALJ can obtain an RFC assessment for pulmonary function.

DATED this 17th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE