## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**KAY LYNN GILBERT**                                                                                          **PLAINTIFF**

**v.**                          **Case No. 4:19-cv-00880-KGB**

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                                                        **DEFENDANT**

### ORDER

Before the Court is Iva Nell Gibbons' motion for attorney's fees pursuant to Equal Access To Justice Act ("EAJA") (Dkt. No. 14). Ms. Gibbons represents plaintiff Kay Gilbert. Defendant Commissioner of the Social Security Administration ("Commissioner") filed a response opposing Ms. Gibbons' request as untimely (Dkt. No. 16).

In addition to other provisions governing the collection of attorney's fees, the EAJA requires a party seeking the award of attorney's fees against the United States to file an application for fees and cost within 30-days of final judgment. 28 U.S.C § 2412(d)(1)(B). When the district court remands a case for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g), as this Court did in its February 1, 2021, Order and Judgment, the district court enters judgment for the purposes of 28 U.S.C § 2412(d)(1)(B). *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). "An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.,* 30 days after the time for appeal has ended." *Shalala*, 509 U.S. at 302 (citing 28 U.S.C §§ 2412(d)(1)(B), (d)(2)(G) and *Melkonyan v. Sullivan,* 501 U.S. 89, 102 (1993)). Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after entry of judgment, creating an effective deadline to file an EAJA fee application of 90 days after the district court enters judgment. *Shalala*, 509 U.S. at 302; *see also* 28 U.S.C §§ 2412(d)(1)(B), (d)(2)(G).

This Court entered Judgment on February 1, 2021, reversing the Commissioner's decision, and remanding this case pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991) (Dkt. No. 13).  The Court's February 1, 2021, Judgment became final on April 2, 2021.  Fed. R. App. P. 4(a)(B).  The deadline to file a EAJA application for attorney fees and cost was 30 days later—May 2, 2021.  *See* 28 U.S.C §§ 2412(d)(1)(B), (d)(2)(G).  Ms. Gibbons filed her motion for attorney's fees pursuant to the EAJA on May 20, 2021, 18 days after the deadline for doing so had passed (Dkt. No. 14).  She has offered no evidence showing "extraordinary circumstances" to support any claim that equitable tolling should apply to this untimely motion.  *See Scarborough v. Principi*, 541 U.S. 401, 402 n.8 (2004); *see also Irwin v. Dep't Veterans Affairs*, 498 U.S. 89, 96 (1990); *Marlene M. v. Saul*, Case No. 18-cv-258 (TNL), 2019 WL 6243190 (D. Minn. Nov. 22, 2019) (examining the doctrine of equitable tolling as applied to an EAJA fee petition).  Accordingly, the Court denies Ms. Gibbons motion for attorney's fees pursuant to the EAJA (*Id.*).

It is so ordered this 16th day of December, 2022.

_____
Kristine G. Baker
United States District Judge